**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:25-cv-21899-GAYLES/SHAW-WILDER**

**HONG KONG LEYUZHEN
TECHNOLOGY CO. LIMITED,**

      Plaintiff,

v.

**THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE "A,"**

      Defendants.

_____/

## STIPULATED PROTECTIVE ORDER

This Protective Order (the "Order") shall govern discovery in this lawsuit. All parties to this lawsuit shall adhere to the Order's terms and conditions.

**1. Designated Material**

A.     As used in this Protective Order, the term "Discovery Material" encompasses, but it is not limited to: any type of document or testimony, including any brief, transcript, or oral or written submission to the Court; any taped, recorded, filmed, written or typed matter, including the originals and all marked copies, whether different from the originals by reasons of any notation made on such copies or otherwise; all deposition testimony; all interrogatories, document requests, and requests for admission, including all responses thereto; inspections and any physical objects or other items or any other information gained by inspection of any tangible thing, including data or code stored in electronic form and other information exchanged by the parties, or received from

1

non-parties, in this action; and all information derived by either party from such information.

B.        Any party to this action or any third-party subject to discovery in this action (hereinafter "designating party") shall have the right to designate any Discovery Material in this action and any material filed with the Court as "CONFIDENTIAL" so long as the Discovery Material so designated complies with the provisions of this section. Discovery Material designated as "Confidential" shall be limited to Discovery Material which the producing party in good faith believes constitutes confidential information that is used by it in, or pertaining to, its business, which information is not generally known or which provides a competitive advantage and which that party would normally not reveal to third parties or its competitors.

C.        Any confidential material comprising extremely sensitive information may be designated as further defined below:

1.        "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY" material may include, but is not limited to information concerning or constituting one or more of the following topics: sensitive business or financial information and marketing plans and forecasts; product sales, manufacturing revenues, gross margins or manufacturing costs, and plans or forecasts that relate to this information; future business strategies; confidential government filings (including tax returns); and any similar information, technical information, research information, patent applications that are not publicly available, future products or future product plans (including, but not limited to, sensitive research materials, development materials and strategic plans), trade secrets, collections of information whether or not the individual elements of the collection are public, e.g., customer lists, any raw photographs, metadata, or other copyrightable information which was developed and not generally distributed to competitors of the company.

D.      This Protective Order shall govern all information exchanges and any Discovery Material produced in response to any discovery conducted by Plaintiff or Defendants in the above-captioned case. Nothing in this Protective Order prevents a party or third party from designating Discovery Material pursuant to this Protective Order.

**2. Access to and Restrictions on Disclosure of Designated Confidential Materials**

A.      Discovery Material designated as confidential or highly confidential pursuant to this protective order, *i.e.* Designated Confidential Material, shall not be disclosed to any person or entity except as set forth in this Protective Order. No person shall use or disclose any such Designated Confidential Material for any purposes other than preparation and trial of this action. Nothing contained in this Protective Order shall affect the right of the designating party to disclose or use for any purpose its Designated Confidential Material.

B.      Access to all Discovery Materials designated "Confidential" and disclosure of the information contained in such Discovery Material shall be restricted solely to:

a.      the counsel for the receiving party who have made an appearance of record and do not participate in competitive decision-making (as defined in *U.S. Steel Corp. v. U.S.*, 730 F.2d 1465 (Fed. Cir. 1984)), and personnel of such law firms or law departments, or companies providing services to attorneys working on this case such as copy services, courier services, communication services, and other such services; provided however, no Designated Confidential Material shall be disclosed to such personnel or companies providing services until and after such personnel or company providing services is identified by name and title to all parties to this action and an executed written undertaking to abide by all terms of the Protective Order is served on all parties to this action, and ten (10) days have passed from the

3

service of such undertaking with no receipt of any opposition from any other party to such designation;

b.      two designated employees of a party assigned to and necessary to assist in the conduct of this action. No "Confidential" material shall be disclosed to a designated employee until and after the designated employee is identified by name and title to all parties to this action and executes a written undertaking to abide by all terms of the protective order, and ten (10) days have passed with no receipt of any opposition from any other party to such designation. No such Discovery Material designated "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY" shall be disclosed to the designated employees of the parties absent the written consent of the party who has designated the Discovery Material as such;

c.      any court reporters, translators, videographers, and clerical personnel thereof performing services in connection with this action;

d.      outside litigation support consultants engaged to provide services relating to document indexing or imaging, demonstrative exhibits, graphics, charts, and/or animations;

e.      Subject to and conditioned upon compliance with Paragraphs 2E and 2F, any outside consultant or expert and their necessary assistants who are assisting counsel or a party to this litigation to whom it is necessary to disclose Confidential material for the purpose of assisting in, or consulting with respect to, the preparation and trial of this lawsuit;

f.      the Court and its staff in connection with the Court's administration and adjudication of this action, and qualified stenographic personnel approved by the Court; and

g.      any other individuals who are mutually agreed upon in writing by the parties to this action or who are approved by the Court upon motion by either party.

C.      "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY." Except upon the prior written consent of the Producing Party, or upon further order of the Court, Protected Material that is marked "Highly Confidential, Counsels Eyes Only" or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the persons of paragraph 2B(a), (c) - (g).

D.      Notwithstanding any other provision of this document, the designation of any Discovery Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY" shall not preclude any party from showing the Discovery Material to any person:

a.      who appears as an author on the face of the Discovery Material;

b.      who appears as an addressee on the face of the Discovery Material;

c.      who is reasonably believed to have received or viewed the document;

d.      who is an officer or director of the party that produced such Discovery Material.

**3.      Material Required by Law to be Made Available to Third Parties**

If any receiving party receives a request that requires by law Designated Discovery Material to be made available to third parties not involved in the present litigation (for example, a party receiving a subpoena for a producing party's Designated Discovery Material) the receiving party has the duty to notify said producing party as soon as practicable and permit said producing party as much time as is permitted by law to file a motion for protective order, or similar motion, with the issuing court or take such action as the producing party sees fit.

**4.      De-Designation of Material No Longer Confidential**

A party producing Designated Confidential Material may voluntarily de-designate

the discovery material such that it is no longer Confidential.

### 5.      Designating Documents

A.      Each document or thing provided to the receiving party, or any portion thereof, each interrogatory answer or portion thereof, and each answer to a request for admission or portion thereof which is deemed by the supplying party in good faith to contain confidential information subject to the provisions of the Protective Order shall so designate such documents by affixing thereon the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY" on the cover page of the document. For Designated Confidential Information produced in a container, such as a thumb drive, the producing party shall designate each of the documents as provided above and shall also label the container "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY" as the case may be, and informing the other party via a cover letter that the items in the container are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY." For example, in the case of data stored in electronic form, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY" shall be printed on the cover or container of the disk, tape, or other medium in which the electronic form data is stored. All information contained within the container shall then be considered Designated Confidential Material under this protective order.

B.      Such designation shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, or when the document or thing, or copy thereof, is produced to the receiving party. With respect to production of documents for inspection pursuant to Fed. R. Civ. P. 33, this designation need not be made until copies of the materials are requested after inspection and production by counsel. Making documents and

things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection shall be treated as though designated "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY" at the time of the inspection, regardless of whether so identified by a confidential legend, and until copies thereof are provided to the inspecting party, unless otherwise indicated in writing.

### 6.      Designating Testimony

A.      Any Party or third party may designate depositions or other pretrial testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY" by so stating on the record at any time during the testimony. Designation of testimony on oral deposition as "CONFIDENTIAL" does not preclude any party or third party from designating portions of the testimony as "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY" if such designation is appropriate. Alternatively, any Party or third party may designate deposition or other pretrial testimony as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY" by written notice of such designation sent by counsel to all parties no later than fourteen (14) calendar days after counsel for the producing party receives (electronically or otherwise) the transcript of the deposition. The parties shall treat all deposition and other pretrial testimony as "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY" hereunder until the expiration of fourteen (14) calendar days after the transcript is delivered to counsel. In the event of a designation after the fourteen (14) day period, no liability or sanctions shall arise or be imposed for any disclosure by a receiving party prior to designation to those not authorized to view the materials under this Protective Order. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court; provided,

however, that any such modification is subject to review by the Court, if appropriate. Any transcript of testimony or portions thereof designated pursuant to this paragraph shall be labeled in a visible manner with the appropriate legend. It is the burden of the party making the designation to see that the transcripts are so labeled. If no portions of the transcript are designated as confidential information by any party to this action, the transcript shall be considered not to contain any confidential information.

Notwithstanding the treatment of such transcript as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY" the deponent may view the transcript. In addition, the deponent may show the deposition transcript to other persons who are allowed to see such information in accordance with this Protective Order. With regard to designations made during the deposition, the designating party shall have the right to have all persons, except the deponent and his/her counsel, outside counsel of record for named parties, the court reporter, and such other persons bound by this Protective Order, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY."

7.      **Filing Designated Confidential Materials with the Court**

A.      In the event that a party wishes to use Designated Confidential Material (including, inter alia, transcripts of depositions, exhibits, physical evidence, answers to interrogatories of requests for admission, briefs, and memoranda, which comprise, excerpt, reproduce, paraphrase, or contain any information designated confidential, or information taken therefrom) in any affidavit, brief, memoranda of law or other paper filed in Court in this litigation, such confidential information shall be filed under seal in accordance with the applicable procedures set forth in the Local Rules for the United States District Court for the

Southern District of Florida and/or the applicable procedures established by the clerk of the Court.

B.      No such affidavit, brief, memorandum of law or other paper filed in the Court in this litigation filed under seal shall be provided to any party or person, other than counsel of record, except (1) upon further written order of the Court; or (2) if such papers do not contain or refer to any materials or items designated "HIGHLY CONFIDENTIAL, ATTORNEYS EYES ONLY." Any such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically designate the portion(s) of the sealed file to which such person(s) may have access and the restrictions upon his or her use or disclosure of such materials. The foregoing provision shall not prevent an appropriately marked second copy of any paper specifically intended for review by the Court being hand delivered to the Court to assure that the same is brought promptly to the Court's attention.

**8.      Disclosure of Designated Confidential Material in a Court Proceeding**

A.      Any party intending to make use of another producing party's Designated Confidential Material at or in connection with any courtroom proceeding or appeal in this matter shall file such Designated Confidential Material in the manner prescribed herein and attempt to agree upon appropriate procedures to protect the Designated Confidential Material in such circumstances. A producing party may request the Court to accord special treatment to evidence previously designated pursuant to this Protective Order so as to protect the confidentiality of its contents to an extent not inconsistent with the reasonable courtroom use in this Court and in connection with any hearings on appeal; such special treatment may include, without limitation, the maintaining of a document under seal (in accordance with paragraph 7) when not being used in the courtroom and the dismissal from the courtroom,

during any period of disclosure of the Designated Confidential Material, of all persons not authorized to have access to the document or information under the terms of this Protective Order, except for one (1) corporate designee for each party.

B.    In the event that any Designated Confidential Material is used in any court proceeding in connection with this litigation, it shall not lose its confidential status as through such use, provided that the parties take steps reasonably calculated to protect its confidentiality during such use.

### 9.    Objection or Challenge to Designated Confidential Material

A. At any time, the receiving party may object to the designation of Discovery Material as Confidential and request the designating party to re-designate the Discovery Material. Such objection shall be by written notice to counsel for the designating party. The written notice shall particularly identify the Designated Confidential Material to which the receiving party objects.

B.  If the dispute cannot be resolved informally within ten (10) business days of receipt of said written notice, the party challenging such designation has the burden of making an appropriate motion to the Court. In any such motion, the party challenging the confidential status shall have the burden of establishing that such status is not appropriate. Pending such determination by the Court, material designated by a disclosing party as Confidential, or Highly Confidential shall be treated in accordance with the producing party's designation pursuant to this Protective Order. Thereafter, such material shall be treated in accordance with the Court's order.

### 10.    Inadvertent or Unintentional Production

A.    A producing party or non-party who inadvertently produces Discovery Material

which it believes should have been designated as Confidential, or Highly Confidential whether the Discovery Material were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality provided that the producing party notifies the receiving party promptly upon discovery of the inadvertent or unintentional failure to designate. In such an event, the producing party may give written notice to the receiving party or parties that the Discovery Material is Confidential or Highly Confidential and should be treated in accordance with the provisions of the Protective Order. The designating party must reproduce the information with the "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY" designation and after such production the receiving party must treat such Discovery Material as confidential or highly confidential. Disclosure of any Discovery Material to any persons not authorized to receive Designated Confidential Materials prior to the receipt of such notice shall not be deemed a violation of this Protective Order.

B.      Inadvertent production or disclosure of material protected by the attorney-client privilege or the work product immunity shall not operate as a waiver of any such privilege or immunity if, after learning that the inadvertent production or disclosure was made, the party who made the inadvertent production or disclosure sends to each receiving party a written request for return of the inadvertently produced or disclosed document or thing. Within five (5) days of receiving such a request, the receiving party shall immediately return or destroy the original and all copies of such documents and things, including any and all copies distributed to others (e.g., independent experts or consultants), identified by the producing party as being privileged or work product and as having been inadvertently produced, provided that, at the time such a written request is received, the document or thing has not

11

been cited as evidence or otherwise relied on by the receiving party in any documents served on the producing party and/or filed with the Court. If, at the time the request is received, the document or thing had been cited as evidence or otherwise relied on by the receiving party, then the receiving party may retain one copy of any such document or thing solely for the purpose of disputing that such document or thing is protected by the attorney-client privilege or by work-product immunity, but will return or destroy the original and all other copies.

a. If the receiving party disputes that any such document or thing was inadvertently produced or is protected by the attorney-client privilege or by work product immunity, the receiving party shall so notify the producing party in writing when the document or thing is returned to the producing party.

b. Within ten (10) business days after receiving such notification, the producing party shall provide to the receiving party a list identifying all such returned documents and things and stating the basis for the claim of privilege or immunity.

c. Counsel shall endeavor in good faith to resolve any disputes over any claimed privileges or immunities before presenting the matter to the Court for resolution.

d. If the parties are unable to resolve the disputes, the receiving party may move the Court to compel the production of the returned documents. The parties agree that any motions to compel and the related briefs will be filed under seal. The producing party shall have the burden of proving that the documents in dispute are protected by the applicable attorney-client privilege or work-product immunity.

**11.** **Disposition of Designated Confidential Materials at Termination of the Case**

A. Termination of the proceedings shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise.

B.      With respect to any documents or things that have been filed with the Court, upon termination of this action, the ultimate disposition of any such documents or things, shall be as directed by the Court upon completion of the litigation.

C.      With respect to any Designated Confidential Material that has not been filed with the Court, within forty-five (45) days after the final adjudication of this case, including appeals or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party to this action shall either (i) assemble and return, or otherwise certify destruction/deletion, using then reasonably effective methods, of all Designated Confidential Material, including all copies thereof, to the party or person from which the Material was obtained, or (ii) certify in writing that all such information and material has been destroyed, except that counsel for the parties to this action may retain one copy of all pleadings, discovery responses, and/or expert reports subject to the continuing obligations imposed by this Protective Order and marked as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL, COUNSEL EYES ONLY."

12.     **Amendments and Exceptions by Order of the Court**

This Protective Order may be amended or changed by further order of the Court, and is being entered without prejudice to the right of any party, or third party subject to discovery in this case, or other person who agrees to be bound by the provisions of move the Court for relief from any provisions of this Protective Order, or, separately, to move the Court for modification of any of its terms on a going-forward basis.

13.     **General Provisions**

A.      Designated Confidential Material shall be held in confidence by each person to whom it is disclosed, shall be used by the receiving party only for purposes of this action and

no other purpose, shall specifically not be used for any other business purpose, and shall not be disclosed to any person who is not authorized to receive such information under this Protective Order. All Designated Confidential Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

B.      The designation of information, documents, testimony, or things as Confidential or Highly Confidential shall not be construed as a concession that such information is relevant or material to any issue or is otherwise discoverable. Nor shall the inspection or receipt by a party to this action of information, documents, or things designated as Confidential or Highly Confidential hereunder constitute a concession that the information, documents, or things are confidential or highly confidential.

C.      Nothing in this Protective Order shall require disclosure of information, documents or things which the designating party contends is protected from disclosure by the attorney-client privilege or the work-product immunity doctrine. This will not preclude any party to this action from moving the Court for an order directing the disclosure of such information, documents, or things.

D.      Nothing in the Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this action and, in the course thereof, from generally considering his examination or receipt of Designated Confidential Material. In rendering such advice or in otherwise communicating with an attorney's client, the attorney shall not disclose the specific content, or any summary thereof, of any Designated Confidential Material by a disclosing party where such disclosure would not otherwise be permitted under the terms of this Protective Order. Nothing in this Protective Order shall prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any

document, testimony or other evidence  subject to this Protective Order.

E.      If Designated Confidential Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for this disclosure shall make every effort to prevent further disclosure by the person who was the recipient of such Designated Confidential Material and shall report such disclosure to the producing party.

F.      The terms of this Protective Order shall survive the termination of this litigation, and the Court shall retain jurisdiction of this action after its final disposition for the purpose of enforcing this Protective Order.

G.      The restrictions provided for herein shall not be construed to: (a) prevent any party or its counsel from making use of information that was lawfully in its possession prior to its disclosure by the producing party; (b) apply to information that becomes publicly known without fault of any party; or (c) apply to information that any party or its counsel has, since disclosure by the producing party, lawfully obtained from a third party having the right to disclose such information.

H.      Nothing in this Protective Order shall prejudice in any way the rights of a party to:

1.  Seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

2.      Petition the Court for a further protective order relating to any purportedly confidential information or persons to whom such information may be disclosed; or

3.      To make a showing that information or materials have proprietary or competitive value, but which is not specifically Designated Confidential Information.

I.      Nothing in this Protective order shall prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material produced by the parties.

**14.     Other Proceedings**

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information Designated Confidential Material pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of January, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:25-cv-21899-GAYLES/SHAW-WILDER**

HONG KONG LEYUZHEN TECHNOLOGY
CO. LIMITED,

      Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE "A,"

      Defendants.

_____/

**DECLARATION**

I, the undersigned, _____[print or type name] hereby agree to

be bound by the Protective Order in the present civil action, a copy of which has been provided to

me. I further state that I have read the Protective Order and understand and agree to the terms and

conditions thereof.

My business/residence address is:

I hereby agree to and submit to the jurisdiction of the above-mentioned court for the

purposes of enforcing the Protective Order and the undersigned's obligations under the Protective

Order.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Dated:_____                 _____

                                                            Signature

17