**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:25-cv-21899-GAYLES**

HONG KONG LEYUZHEN TECHNOLOGY
CO. LIMITED,

      **Plaintiff**,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE A,

      **Defendants**.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Hong Kong Leyuzhen Technology Co. Limited's Motion to Dismiss Counterclaims (the "Motion"). [ECF No. 61]. Plaintiff moved to dismiss the counterclaims asserted by Defendants LaiyiVic, ZonJie, and PaladMom (together, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See generally id*. Defendants filed a Response in Opposition to the Motion, [ECF No. 66], to which Plaintiff filed a Reply, [ECF No. 68]. The Court has considered the record, the parties' written submissions, and applicable law. For the following reasons, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

The Motion is **GRANTED** as to Count I of the Counterclaims. In Count I (Declaratory Judgment of Lack of Copyright Ownership and/or Invalidity), Defendants "seek a declaratory judgment under 28 U.S.C. § 2201" that "Plaintiff does not own valid copyrights in the images it asserts against" Defendants. [ECF No. 58, Defendants' Affirmative Defenses and Counterclaims,

at 11]. And in their Ninth Affirmative Defense, Defendants assert that "Plaintiff does not own valid copyrights in the images at issue or otherwise cannot establish ownership or exclusive rights in those images." *Id.* at 8. Plaintiff contends that the "declaratory judgment counterclaim" is "duplicative of issues already before the Court in the underlying copyright infringement action, and [it] should be dismissed in the exercise of the Court's discretion under the Declaratory Judgment Act." [ECF No. 68, Reply at 1]. The Court agrees.

Where, as here, a court is "presented with a redundant counterclaim for declaratory judgment, [the] court may either strike or dismiss the filing." *Ctr. Hill Courts Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 19-cv-80111, 2019 WL 7899220, at *2 (S.D. Fla. Apr. 9, 2019). In determining "whether to dismiss" such a counterclaim "as redundant, a court must consider whether the declaratory action serves a useful purpose." *Id.* And "to discern whether a declaratory action serves a useful purpose, courts should consider 'whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendant[ ], would resolve all questions raised by the counterclaim.'" *Id.* (quoting *Medmarc Cas. Ins. Co. v. Pineiro & Byrd, PLLC*, 783 F. Supp. 2d 1214, 1217 (S.D. Fla. 2011)).

Here, the Court finds that Defendants' declaratory judgment counterclaim is redundant and serves no useful purpose. This is because "[r]esolution of Plaintiff's [copyright infringement] claim and Defendant[s'] [Ninth] affirmative defense[] will decide the factual and substantive issues presented by Defendant[s'] Counterclaim" for declaratory relief. *Id.* at 3; *see also U.S. ex rel. BAC Funding Consortium, Inc. v. Westchester Fire Ins. Co.*, No. 13-cv-22536, 2014 WL 186125, at *5 (S.D. Fla. Jan. 16, 2014) (finding that "the counterclaim for declaratory judgment serves no useful purpose" because "the resolution of [plaintiff's] claims and [defendant's] defenses thereto would resolve the questions raised in [defendant's] counterclaim."). The Court therefore

"will exercise its discretion" and "dismiss [Defendants' declaratory judgment] counterclaim." *Id.*;

*see also It's a 10, Inc. v. Beauty Elite Grp., Inc.*, No. 13-cv-60154, 2013 WL 4543796, at \*5 (S.D.

Fla. Aug. 27, 2013) (exercising discretion in dismissing a redundant counterclaim).

The Motion is **DENIED** as to Count II of the Counterclaims as the Court finds that this

Count adequately alleges a claim for tortious interference with business relationships. The issues

raised by Plaintiff for this claim are best addressed at summary judgment, after discovery.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of April, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE